UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SONYA BRADLEY,

        Plaintiff,

v.                                  Case No. 14-cv-12303
                                   Honorable Gershwin A. Drain

STEVE ARWOOD, *et al*.,

        Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION [#16]

### I. INTRODUCTION

Plaintiff commenced this action on June 12, 2014, alleging that Defendants violated the Civil Rights Act of 1871, 42 U.S.C. § 1983; Title VII of the Civil rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*.;[1] the First Amendment of the United States Constitution, U.S. CONST. amend. I; the Fourteenth Amendment of the United States Constitution, U.S. CONST. amend. XIV; the Michigan Elliott-Larsen Civil Rights Act (ELCRA) of 1976, MCL 37.2101 *et seq*.; and the Equal Pay Act of 1963, 28 U.S.C. §§ 201 *et seq*.

On October 20, 2014 this Court dismissed all but two of Plaintiff's claims: Counts VI and XI of Plaintiff's Amended Complaint alleging the creation of a hostile work environment by Defendants Susan Przekop-Shaw ("Przekop-Shaw") and Peter Kotula ("Kotula"). *See Bradley v. Arwood*, No. 14-cv-12303, 2014 WL 5350833 (E.D. Mich. Oct. 20, 2014). Presently before the Court is Defendants' Motion for Reconsideration with respect to the two remaining Counts. *See*

---

[1] Though Plaintiff stated she was bringing claims pursuant to Title VII, none of Plaintiffs Counts in the amended complaint allege that Defendants violated Title VII. *See generally* Dkt. No. 8.

-1-

Dkt. No. 16. Plaintiff filed a Response to the Motion for Reconsideration on December 10, 2014. *See* Dkt. No. 20. The Court has had an opportunity to thoroughly examine this matter. For the following reasons, the Court will **DENY** Defendants' Motion for Reconsideration.

## II. BACKGROUND

In this Court's October 20, 2014 Opinion and Order, the Court dismissed Plaintiffs Section 1983 Discrimination and Retaliation claims finding that Plaintiff failed to demonstrate that the actions by Defendants were racially premised. *See Bradley*, 2014 WL 5350833, at *8. However, with respect to Plaintiff's claims for a hostile work environment, the Court found that "given the totality of the circumstances," the "facts presented by Plaintiff show more than 'belittling statements,' and appear to be extensive and pervasive enough to survive Defendant's Motion to Dismiss." *Id.* at *16.

The Court emphasized that it must take Plaintiff's factual allegations in the Complaint as true. The Court found that, standing alone, the alleged actions of the Defendant would not constitute an adverse employment action. However, given the totality of the circumstances the Court found that it was "presented with a series of events [that] . . . could make up a work environment [] 'permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Id.* at *17 (quoting *Harris v. Forklift Systems, Inc.,* 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993)).

### III. LAW & ANALYSIS

#### A. Standard of Review

Motions for Reconsideration are governed by Local Rule 7.1(g)(3) of the Local Rules of the United States District Court for the Eastern District of Michigan, which provides:

> [M]otions for rehearing or reconsideration which merely present the same issues ruled upon by the court, either expressly or by reasonable implication, shall not be granted. The movant shall not only demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof.

E.D. Mich. L.R. 7.1(g)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (quoting *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)).

#### B. Legal Analysis

Defendants contend that this Court "made a fundamental error of law in failing to dismiss [Plaintiff's] claims because they amounted to no more than conclusory allegations—none of which were based on race or gender." Dkt. No. 16 at 2. Specifically, Defendants argue that this Court did not properly evaluate the third requirement for establishing a prima facie case for establishing a hostile work environment. The Court disagrees.

Defendants correctly note that to establish a claim for a hostile work environment, the third factor requires that the plaintiff demonstrate the alleged harassment be based on the plaintiff's status as a member of a protected class. *See* Dkt. No. 16 at 8 (citing *Fenton v. HiSAN, Inc.*, 174 F.3d 827, 823-830 (6th Cir. 1999)). However, Defendants assertion is incomplete because they only contend that "this element requires that Plaintiff plead facts showing the Defendants' intended and were motivated to harass the Plaintiff on the basis of her race or gender." *Id.*

In order to satisfy the third requirement for a prima facie case of a hostile work environment prima, the Sixth Circuit has stated that a "plaintiff must show that the harassment was overtly racial or sexual in nature, or must establish that 'but for the fact of her sex [or race], she would not have been the object of the harassment.'" *Pusey v. United Parcel Serv., Inc.*, 393 F. App'x 366, 369 (6th Cir. 2010) (quoting *Gallagher v. C.H. Robinson Worldwide, Inc.,* 567 F.3d 263, 271 (6th Cir.2009)) (brackets in original and internal citations omitted).

Thus, while Plaintiff may establish a prima facie case by showing Defendants intended and were motivated to harass Plaintiff on the basis of her race or gender, Plaintiff may *also* argue that but for the fact of her sex or race, she would not have been the object of the harassment. According to the Sixth Circuit, the latter approach can be accomplished by providing "evidence that similarly situated individuals of a different race or sex were not subject to harassment." *Pusey*, 393 F. App'x at 369 (citing *Clay v. United Parcel Serv., Inc.*, 501 F.3d 695, 706 (6th Cir. 2007)).

The fact that this Court found Defendants' conduct was not explicitly race based does not automatically foreclose Plaintiff's claim for a hostile work environment. *See Clay,* 501 F.3d at 706 ("Conduct that is not explicitly race-based may be illegally race-based and properly considered in a hostile-work-environment analysis when it can be shown that but for the employee's race, she would not have been the object of harassment."); *see also Paasewe v. Action Grp., Inc.*, 530 F. App'x 412, 416 (6th Cir. 2013) (noting at the summary judgment stage that "[b]ased on the totality of the[] alleged incidents, a reasonable jury could draw the inference that discriminatory animus extended to upper management. Although there is evidence that points to a different conclusion, it is the jury's role, not ours, to weigh conflicting evidence.").

In fact, the Sixth Circuit reversed a district court that granted summary judgment in a case where the Plaintiff put forth evidence showing she "was criticized for conduct for which her white co-workers were not," and "set forth specific conduct for which [she] was berated and for which her white co-workers were not[.]" *Clay*, 501 F.3d at 706; *see also id.* (noting that the Plaintiffs claim in the case was "based on the theory that the facially neutral conduct of her supervisor towards her was, in fact, based on her race.").

Though not pleaded in the most artful manner, Plaintiff has put forth claims that she was treated differently than her white counterparts. *See*, *e.g.*, Dkt. No. 8 at ¶ 52 (alleging that Plaintiff was "assigned to an additional attorney while [her] Caucasian colleague had flexibility[.]"); *id.* at ¶¶ 97, 98 (alleging that the new office intern was instructed not to take instruction from Plaintiff and not to take a break with Plaintiff); *see also*, *e.g.*, *id.* at ¶¶ 35, 39(c), 39(d), 44, 47, 100.

Additionally, Plaintiff set forth a claim where she was singled out in front of Defendants and told to put on her "big girl panties" as a result of her complaints. *See* Dkt. No. 8 at ¶ 88(e). *Cf. Paasewe*, 530 F. App'x at 416 (*"*Plaintiff also alleged that the human resource director singled him out for a false sexual harassment claim and questioned him about his true identity[.]"). Following her complaints, Plaintiff asserts that she was subjected to repeated admonishment, formal counseling, threats, berating, and belittling, false claims of being absent from her work area, unjustified low performance evaluations, and other actions.

In *Clay*, the Sixth Circuit emphasized that "[g]iven that [the plaintiff] was the only black employee in her work area and that she alleges that [the defendant] disciplined her for things for which he did not discipline her co-workers, [the plaintiff] created an inference, sufficient to survive summary judgment, that race was the motivating reason behind [the defendant's] behavior." 501 F.3d at 707.

Here, Plaintiff is also purportedly the only black legal supervisor secretary, and alleges that she was unfairly singled out and subject to treatment that her white counterparts did not endure. This Court is not at the summary judgment stage. Instead, the Court is only considering Defendant's Motion to Dismiss. In so doing, the court must construe the complaint in favor of the Plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. For the reasons discussed, the Court reiterates its conclusion that Plaintiff has presented adequate material facts to sufficiently allege that she was subjected to a hostile work environment.

## IV. CONCLUSION

For the reasons discussed herein, the Court will **DENY** Defendants' Motion for Reconsideration.

SO ORDERED.

Dated: December 24, 2014

/s/Gershwin A Drain
Hon. Gershwin A. Drain
United States District Court Judge